[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff law firm brings this action to collect the balance owed on a legal fee in connection with services rendered by the firm in the case of United States of America v. DouglasMcCarroll. That litigation involved the prosecution of Douglas McCarroll for serious criminal felony charges, including charges of being a career criminal. In the case before this court, the defendants are Richard and Bernice McCarroll, the parents of Douglas McCarroll. On behalf of their son, these defendants sought help from Attorney Timothy Moynahan, the senior partner in the plaintiff law firm, who had known the defendants for approximately forty years. Attorney Moynahan previously had
Following their son's arrest and incarceration, the defendants contacted Attorney Moynahan and met with him on December 7, 1994. Also attending the meeting was Attorney Cheryl Heffernan, an associate of the plaintiff law firm. The defendants indicated to Attorney Moynahan that they had only the $10,000 retainer amount to pay for their son's legal defense. Attorneys Moynahan and Heffernan felt that the $10,000 would cover their son's representation, based on the expectation that there would not be need for a trial.
The defendants met with Attorney Moynahan on February 2, 1995, and at that meeting it was agreed that the retainer would satisfy the firm's representation up to the time of trial. Following that meeting, both Attorneys Moynahan and Heffernan sought permission from the district court to withdraw from the case.
Attorney Heffernan then wrote to Douglas McCarroll on March 22, 1995, requesting an additional $10,000 retainer. (Defendants' Exhibit B). The defendants were not provided a copy of this letter. On March 30, 1995, Attorney Heffernan prepared a motion to withdraw as counsel for Douglas McCarroll in the federal court proceedings, which motion was filed on April 20, 1995. (Plaintiff's Exhibit 2). As of March 30, 1995, the total bill CT Page 3268 incurred by the firm in connection with it representation of Douglas McCarroll was in the amount of $9,521, leaving a balance on the retainer of in the amount of $479. (Plaintiff's Exhibit 2)
The motions to withdraw were heard by the district court approximately two weeks before the commencement of trial. The court granted Attorney Moynahan's motion but denied the motion from Attorney Heffernan. Thus, Attorney Heffernan was required to proceed to trial.
In continuing to represent Douglas McCarroll through trial, the firm incurred a total bill in the amount of $45,823.59, largely as a result of the services of Attorney Hefferman. The balance after the $10,000 retainer, in the amount of $35,823.59, is sought by the firm in this litigation.
In support of its claim, the plaintiff law firm relies on a "fee agreement" (plaintiff's Exhibit 1) (hereinafter "agreement") signed by the defendants on December 7, 1994. The plaintiff asserts that the writing is a contract memorializing its agreement with the defendants. The agreement in fact states that the "client" is obligated to pay the fees incurred should the matter proceed to trial.
The defendants testified at trial that they understood their obligation under the agreement was limited to the $10,000 that they paid to retain the services of Attorney Moynahan to represent their son.[1] This testimony was allowed on the basis that it was not offered to vary or contradict the terms of an integrated written contract, but rather to show that there was no agreement between the parties. See TIE Communications, Inc. v.Kopp, 218 Conn. 281, 287-89, 589 A.2d 329 (1991) (discussion of exceptions to parole evidence rule)
The agreement specifies that its purpose is to retain the firm for representation in the matter of criminal charges in "USA v. Douglas McCarroll." It refers to the $10,000 retainer as "partial payment for services pertaining to costs of pretrial preparation." The agreement requires payment of all fees and expenses incurred during the litigation, including those incurred at trial.
Significantly, the agreement clarifies the firm's obligations to the client, as well as the client's responsibility to the firm.[2] The agreement is best described as an understanding CT Page 3269 between the firm and its client.
With respect to the criminal prosecution for which the firm's representation was retained, however, the client was Douglas McCarroll, not his parents. This client-lawyer relationship was not overlooked by the plaintiff law firm; the firm consistently billed its fees and expenses to Douglas McCarroll, and never to his parents. (Plaintiff's Exhibit 2 and Defendants' Exhibits A and B.)
Apparently, the plaintiff law firm intended the defendants to act as guarantors of the agreement. The writing, however, f ails to identify the defendants as guarantors. Even if the defendants had been properly identified as guarantors, the modification of the agreement by Douglas McCarroll's failure to pay the additional retainer (for which he was obligated under the agreement and which was requested of him in Defendant's Exhibit B) would have discharged the defendants' liability under any guaranty. See Friedman v. Millpit Corp., 49 Conn. App. 354, 358
n. 3, 713 A.2d 1288 (1998), cert. denied, 247 Conn. 925,722 A.2d 1216 (1998); 38 Am. Jur.2d, Guaranty § 82 (1999).
The court finds factually that the agreement is not a complete and accurate representation of the parties understanding. The McCarroll's testimony is substantiated by the motions to withdraw filed by Attorneys Moynahan and Heffernan.
The defendants were not the firm's clients and they did not agree to guarantee payment for their son's representation, beyond the $10,000 retainer.
Judgment enters for the defendants.
ROBERT F. McWEENY, J.